STATE, TO USE OF DAVID P. CLAY, Respondent, *v*. AVENUH M. BURTIS *et al.*, Appellants.

*Practice—Misnomer.*—The misnomer of the defendant does not avoid the process if he be served, and the defendant cannot in any collateral action take advantage of the error.

*Attachment—Sheriff.*—The act of 1855, concerning the duties of marshal and sheriff in St. Louis county, (Acts 1855, p. 464, § 1,) only provides for claims to be filed by parties other than the defendant.

*Appeal from St. Louis Court of Common Pleas.*

*A. M. & S. H. Gardner*, for respondent.

*Smith* and *Sedgwick*, for appellants.

BATES, Judge, delivered the opinion of the court.

Two suits were brought, by attachment, against Bassett and Clay. (The defendant Clay was sued by the name of *S. P.* Clay.) Personal property was attached. Clay, whose name is *David P.* Clay, claimed the property in the sheriff's hands, and the defendants in this case gave to the sheriff bonds of indemnification, (under an act peculiar to St. Louis county,) and the sheriff sold the property, and Clay, claiming to own the property, brought this suit upon the bonds.

The defendants by their answer, among other matters, set up that David P. Clay, to whose use this suit was brought, was a defendant in the attachment suits, and that the record of those suits which were still pending had been amended so as to correct the misnomer by which he was originally sued.

On motion of the plaintiff, this part of the answer was stricken out. This was wrong. The act authorized the sheriff to take indemnification when the property seized was claimed by any person " other than the defendant," and only such claimant can sue upon it. Defendants are protected from wrong by the bonds given originally in attachment suits, and the only object of the indemnifying bonds was to protect the sheriff and persons claiming the property " other than the defendant."

To refuse to permit the defendants in this case to show that the claimant Clay was the same person who was a defendant in the attachment suits, merely because of the partial misnomer used in the beginning of the attachment suits (which had been subsequently corrected), was clearly erroneous, and changed the whole aspect of the case.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.