HETTIE DAVIS, Appellant, v. BENJAMIN THOMPSON and PORTER A. THOMPSON.

### Division Two, February 18, 1908.

1. **APPELLATE JURISDICTION: Negligence.** Unless a constitutional question is involved, the Supreme Court does not have jurisdiction over the appeal in a suit to recover damages to the amount of $3,000 for personal injuries inflicted upon plaintiff through defendant's negligence.

2. ———: ———: **Demurrer: Constitutional Question.** A constitutional question is not so raised as to give the Supreme Court jurisdiction over the appeal by an assignment in the motion for a new trial that the court by giving a peremptory instruction for defendants "deprived plaintiff of the right to have her case submitted to and passed upon by a jury, in violation of section 28, article 2, of the Constitution," and "thereby deprived plaintiff of her property and rights without due process of law, in violation of section 30 of said article 2."

3. ———: ———: ———: **Practice: Province of Court.** In the absence of evidence tending to establish the cause of action alleged in the petition it is the province of the court to sustain a demurrer thereto, for in doing so the court determines a question of law.

Appeal from Grundy Circuit Court.—*Hon. Geo. W. Wanamaker*, Judge.

Transferred to Kansas City Court of Appeals.

*Hall & Hall* for appellant.

*J. W. Peery* and *Harber & Knight* for respondents.

This court has no jurisdiction of this appeal. The amount claimed in plaintiff's petition is below the jurisdiction of this court, and there is no constitutional question raised upon this record, which would rightfully bring the appeal to this court. That the seventh assignment in the motion for new trial does not raise

such a constitutional question as to give this court jurisdiction, has been expressly decided in several cases. Woody v. Railroad, 173 Mo. 549; Hulett v. Railroad, 145 Mo. 35; Hutchinson v. Railroad, 190 Mo. 673; State ex rel. v. Smith, 176 Mo. 44; Excelsior Springs to use v. Ettenson, 188 Mo. 129; Independence v. Knoepker, 103 S. W. 940.   It will be observed that in the Woody case, supra, the motion for new trial referred to the same section and article of the Constitution as did that in the case at bar.

BURGESS, J.—This is a suit for damages for injuries sustained through the alleged negligence of the defendants.

The petition alleges in substance that the defendants, in person and by their agents and employees, on the 10th day of May, 1904, carelessly and negligently and unlawfully placed a large roll or bundle of fencing wire in a public highway, described in the petition, and near the traveled portion of said highway, and carelessly and negligently and unnecessarily permitted the same to remain therein; that said roll or bundle of wire, so placed in said highway, was calculated to frighten reasonably safe and quiet horses and teams traveling along said highway; that the defendants and their agents and employees well knew the dangerous character of said wire when so left in said highway, and that it was likely to frighten reasonably safe and quiet horses and teams, etc.   The petition then alleges that while plaintiff, on the date aforesaid, was passing along said highway, the team attached to the conveyance in which she was riding became frightened at said wire and ran away, and that plaintiff was thrown out and injured, for which injuries she asked judgment for damages in the sum of $3,000.

The answer to the petition was a general denial.

The evidence showed that defendant Porter A. Thompson, a resident of the city of St. Joseph, owned a large farm near Brimson, Grundy county, which was occupied and managed by his codefendant, Benjamin Thompson, and that the public road in question ran along a part of said farm. On the day in question it became necessary in their farming operations to remove the wire from the fence on their land along the side of this highway to another part of the farm. The wire was attached to the posts on the outside, or side next the highway, and the usual and ordinary method of performing such work was to detach the wire from the posts and roll it up in convenient bundles along the outside of the fence. The farm hands of defendants commenced this work in the morning, finished it about noon, and went to dinner without removing the bundles of wire up to that time.

Plaintiff was a maiden lady, about sixty-nine years of age, living with her brother-in-law, Joseph Marshall, about four miles south of Brimson. On the morning in question she, in company with three other women, drove in a spring wagon from Joseph Marshall's to the home of Oscar Hughes, about a mile north of Brimson, the vehicle being drawn by a team of old farm horses owned and used by Marshall for eight or ten years. As they passed by the place on the road where the men employed by defendants were taking the wire off the fence and rolling it up, the team shied at a bundle of wire lying four or five feet from the traveled track, but did not attempt to run away at that time. The women got to the house of Mr. Hughes about nine o'clock and stayed there till about two o'clock, when they started back towards home. Just before the team reached the place where the wire lay, frightened by the bundle of wire lying a few feet from the traveled track, the horses turned quickly around, breaking the wagon tongue, and Martha Marshall, who was driving, was

thrown out of the wagon.   The team ran away, and plaintiff and the other woman who remained with her in the wagon were soon afterwards thrown out. Plaintiff was rendered unconscious by the fall.   The bone of her right wrist was broken, her hip and leg bruised, and her face cut and bruised.   She was taken to Hughes' house, where she remained about twenty-five days under treatment of the doctors, and was then taken home, and suffered and was more or less disabled up to the time of the trial.   The evidence showed that three or four other teams passed by the place on the road where the wire lay that morning, and that all were more or less frightened thereat.   It also appears that Benjamin Thompson instructed the men to remove the wire after dinner, and that they started to do so, but that the accident occurred before the men arrived there with a wagon for the purpose of removing the wire.

At the close of the evidence for plaintiff, the court, at the instance of defendants, gave a peremptory instruction to the jury to find for the defendants, and a verdict was returned accordingly.   The court rendered judgment in favor of defendants, and plaintiff, after unsuccessful motions for new trial and in arrest, appealed.

The first question which confronts us upon this appeal is whether the Supreme Court has jurisdiction thereof.   The amount claimed in plaintiff's petition is but three thousand dollars, and the title to real estate is in no way involved; so that, unless there be a constitutional question involved, this court is without jurisdiction.   While no such question is insisted upon by appellant in this court, and there does not appear to be anything in the record to confer jurisdiction, the record does show that in the motion for a new trial plaintiff assigns the following as grounds therefor:

"6. The court erred in taking the case from the jury and thereby erroneously and illegally deprived the plaintiff of the right to have her case submitted to and passed upon by a jury, in violation of the provisions of section 28, article 2, of the Constitution of the State of Missouri.

"7. The court erred in giving defendants' instruction to the jury to find a verdict for the defendants, thereby depriving the plaintiff of her property and rights without due process of law, in violation of the provisions of section 30, article 2, of the Constitution of the State of Missouri."

Neither of these assignments of error raises such a constitutional question as will confer jurisdiction on this court. If the assertion in the sixth assignment is sufficient to bring the appeal to this court, then in every case tried before a jury where the plaintiff fails to make out his case, and a demurrer to the evidence be interposed by defendant and sustained, or where the case is dismissed by the court, over the objection of the plaintiff, because of failure of proof, all the plaintiff would have to do in order to bring his case to this court would be to allege in his motion for new trial that the court had illegally and erroneously deprived him of the right to have his case submitted to and passed upon by a jury, in violation of the provisions of section 28, article 2, of the Constitution of the State of Missouri.

It is the province of the court to determine in all cases all questions of law, and whether there is any evidence tending to establish the cause of action alleged in the petition (Boland v. Railroad, 36 Mo. 484; O'Malley v. Railroad, 113 Mo. 319); and in the absence of such evidence a demurrer thereto, if such be interposed, should be sustained.

With respect to the seventh assignment in the motion for a new trial, in Woody v. Railroad, 173 Mo.

547, the defendant undertook to raise this same constitutional question by alleging in its motion for a new trial that "the court erred in making up an issue outside of the one raised by the pleadings, thereby depriving defendant of the rights guaranteed by section 30 of article 2 of the Constitution of Missouri, 'that no person shall be deprived of property without due process of law.'" The court, after holding that the amount involved did not confer jurisdiction, said: "Does the constitutional question raised in the motion for a new trial, to-wit, that if the judgment stands, adjudging costs against defendant, it will be deprived of its property without due process of law, require this court to determine the case? If it does, then every time a judgment is rendered against any party, all that he or she will be required to do to insure a hearing of his or her appeal in this court, is to allege in a motion for new trial that if the judgment stands it will deprive him or her of his or her property without due process of law."

The same point was raised in Hulett v. Railroad, 145 Mo. 35, and decided against the appellant.

Our conclusion is that no constitutional question is presented by this appeal, and inasmuch as the amount sued for does not come within the appellate jurisdiction of this court, we order the record and papers transferred to the Kansas City Court of Appeals.

All concur.