Jones v. Jones.

COREAN JONES, et al., Appellants, v. EDWARD JONES, et al., Respondents.

**Kansas City Court of Appeals, March 1, 1915.**

1. **TRIAL PRACTICE: Application for Continuance: Motion.** A motion to continue a case which does not set forth the facts on which the application is founded cannot be deemed an application for continuance under the statute.

2. ————: ————: **Absence of Party.** The absence of a party litigant is not always a ground for continuance. It is not when it does not appear that he is a material witness for himself, and that it was impossible to take his deposition for the trial.

3. ————: ————: ————. While the trial court's action on an application for continuance is subject to review, yet every intendment exists in favor of the action it has taken. The matter rests largely in the discretion of the court and its action will not be interfered with on appeal unless such discretion has been obviously abused.

4. ————: **Motion to Postpone: Engaged Counsel: Rule of Court.** A rule of court requiring the postponement of a case when counsel for one of the parties is engaged in the trial or hearing of a case in any court of record of the county does not cover a hearing before a referee appointed by such court.

5. ————: ————: ————. When the language of the rule, the reason for it and its provisions are considered, a hearing before a referee cannot be deemed to be within the meaning of the rule.

6. **REFEREE.** A reference is the sending of a pending cause, or some question therein, by the court in which it is pending to a private person to hear and determine it provisionally or to take evidence therein and report the same to the court with or without opinion thereon.

7. ————. The referee is merely an officer of the court for a specified purpose. While he exercises judicial powers and authority, they are of limited scope and authority, as is also the time in which he may act. By statute he has only the powers of a justice of the peace in the matter of compelling the attendance of witnesses and of punishment for contempt. He has no such powers as had the court in a trial without a jury though the practice and conduct of the case before the referee is largely as if the case were in that situation.

8. ————: **Court of Record.** A court of record is defined to be a court where the acts and proceedings are enrolled on parchment for a perpetual memorial and testimony, and this is the great leading distinction in English and American law between courts of record and courts not of record. The predominant idea in all definitions of the term "court" is that it is a *permanent* organization for the administration of public justice. It is not applied to a special tribunal occasionally called into existence by particular exigencies and that ceases to exist with such occasion. A court is a tribunal duly constituted and present at the time and place fixed by law for judicial investigation and determination of controversies. A referee's hearing does not come within these terms. The referee sits outside the presence and hearing of the court. The very purpose of his appointment is so that the time of the court will not be consumed in the hearing of the cause committed to the referee.

9. **APPELLATE PRACTICE: Evidence to Support Verdict.** The appellate court cannot say there was no evidence to support the verdict when the abstract purports to give only a part of the testimony and only the substance of that.

10. **REPLEVIN: Value of Property: Time of Taking or at Time of Trial.** Ordinarily the value of the goods at the time of the trial and not at the time they were taken is the issue. But where the property has been taken from the jurisdiction of the court so that no testimony can be given as to its value at the time of the trial, its value at the time of the taking may be shown.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Ball & Ryland,* and *Albert F. Drake* for appellants.

(1) The proceedings of the court in this case deprived the appellants of property without due process

of law and denied to them the equal protection of the law within the meaning of section 30 of article 2 of the Constitution of Missouri and of section 1, article 14, of the Amendments to the Constitution of the United States. These constitutional provisions were duly invoked by the appellants in paragraph 7 of their motion for a new trial. It would seem clear that these constitutional questions being involved, the appeal should be transferred to the Supreme Court for determination. (2) There was no evidence on which to base a finding and judgment of value of the goods or damages for their detention. The unvarying rule under decisions of this State is that in inquiry as to value in such cases must be directed to the question of their reasonable market value at the time of the trial. Chemical Co. v. Nichols, 66 Mo. App. 686; Standard Oil Co. v. Meyer Bros. Drug Co., 84 Mo. App. 81; Bradley v. Campbell, 132 Mo. App. 80; Paine v. King, 141 Mo. App. 250.

*Boyle & Howell, Geo. L. Boyle* and *Jos. S. Brooks* for respondents.

(1) The plaintiff was not entitled to the continuance of her cause by reason of the fact that she was imprisoned in the penetentiary in the State of New York. The statute of Missouri that a sentence of imprisonment in the penetentiary suspends all civil rights applies only to a sentence in the State courts. Presbury v. Hull, 34 Mo. 29, 34; Platner v. Sherwood, 6 John. Chy. 118. (2) The evidence in the case was sufficient to sustain the verdict. No objection was made nor exception taken to its admission at the time of the trial. The Abstract of Record does not show all the evidence in the case and this court cannot pass upon the sufficiency of the evidence as abstracted by appellants. The evidence is not set forth in the Abstract of Record but only the conclusions of the appellants as

to what was the evidence offered at the trial. Moore
v. Harmes, 123 Mo. App. 34; Plumbing Co. v. Brewing
Co., 126 Mo. App. 270; Reed v. Peck, 163 Mo. 333;
Davis v. Vories, 144 Mo. 235; Zweigart v. Birdseye,
57 Mo. App. 462.

TRIMBLE, J.—The plaintiff, Corean Jones,
brought a replevin suit in the circuit court of Jackson
county, Missouri, for certain household articles, fur-
niture and bric-a-brac that once formed a part of the
personal estate of Frank Jones, deceased. Under the
writ she took possession thereof, giving a redelivery
bond with certain sureties, who have appealed naming
plaintiff as one of the appellants.

Defendants filed an answer which contained a gen-
eral denial, a claim of the property and a demand for
its return or for judgment against plaintiff and her
sureties for its value, alleged to be the sum of $900.

The case came on for trial on June 26, 1913, at the
May term of said court. At that time, Corean Jones
was perhaps in prison in the State of New York. At
least she was not present and the fact that she was in-
carcerated in said State was alleged in a motion filed
by her sureties in behalf of themselves and of plain-
tiff asking for a postponement of the trial to a later date
in that division of the circuit court or that an order be
made returning the case to the assignment division.
Said motion assigned the following reasons:

1. Because plaintiff "cannot be present at this
time at the trial of this cause for the reason that she
is incarcerated in the State of New York."

2. Because the attorney employed by one of the
sureties, the United States Fidelity & Guaranty Com-
pany "is now at the time of the filing of this motion
and the presentation of the same to the court actually
engaged in the trial of a case pending in the circuit
court of Jackson county, at Kansas City, Missouri, in
Division 3, thereof, and now being heard by George

H. English, Jr., the duly appointed referee therein, and said counsel is "engaged" within the meaning of rule 22 of this court."

This motion, with the evidence in support thereof, was heard and overruled. Thereupon the case went to trial before the court and a jury; but no one was present representing plaintiff or her sureties, none of them being represented at said trial either in person or by attorney. The jury returned a verdict for defendants and assessed the value of the property taken at $1200, which a remittitur of defendants reduced to $900, and judgment was accordingly entered that defendants have and recover the property or the value thereof. An appeal was duly perfected.

The motion presented was not a regular application for a continuance such as is contemplated by the statutes, sections 1955, 1956, and 1957, Revised Statutes 1909. It contains none of the usual statements as to diligence, or of the impossibility to proceed without plaintiff's evidence or presence, or of any efforts to secure her testimony. Indeed there is no allegation that her presence is necessary or that she is in a position to testify to any material fact in the case, or that she has a meritorious cause of action or desires to further prosecute her case. The affidavit filed by the attorney for the Surety Company contains no such allegations, nor can it be construed as relying upon anything other than rule 22 of the circuit court for such continuance. Nor is there any affidavit stating that plaintiff is in prison or is unavoidably absent. Even if the motion should be treated as a statutory application for continuance, there is no affidavit accompanying it "setting forth the facts on which the application is founded" as required by section 1956, except the fact that the surety company's attorney was "engaged" within the meaning of rule 22. Even where the unavoidable absence of a party litigant is established, this is not always a ground for continuance.

[Owens v. Tinsley, 21 Mo. 423, l. c. 425.] "The un-
avoidable absence of a party furnishes no ground for
a continuance, when it does not appear that he is a
material witness for himself, and that it was impossible
to take his deposition for the trial." [Hurck v. St.
Louis Exposition, 28 Mo. App. 629.] The trial court's
action on an application for continuance is subject to
review. [Alt. v. Grosclose, 61 Mo. App. 409.] But
every intendment exists in favor of its action. [Blair
v. Chicago and Alton Ry. Co., 89 Mo. 383; Shirk v.
Shirk, 75 Mo. App. 573.] The postponement of a trial
because of the absence of counsel is a matter resting
largely in the discretion of the trial court, and its ac-
tion will not be interfered with on appeal unless such
discretion has obviously been abused. [St. Louis, Cape
Girardeau etc., R. Co. v. Holliday, 131 Mo. 440.] In
this case the counsel whose affidavit is filed was not em-
ployed by plaintiff as her counsel but by one of the
sureties. And, as stated, it nowhere appears that plain-
tiff has a meritorious cause of action or that she de-
sires to further prosecute her case. This may not af-
fect the rights of the sureties to protect themselves but,
in what has just been said, we are dealing with the
propriety of the court's ruling with reference solely
to *plaintiff's* rights as a party litigant.

If the unsupported statement in the motion that
plaintiff is incarcerated in New York be accepted as
true, she was not entitled to a postponement of her case
on the ground that she was *civiliter mortuous* or that
her civil rights were suspended, under section 2891,
Revised Statutes 1909. The statute of this State sus-
pending the civil rights of those sentenced to the peni-
tentiary for a term less than life applies only to sen-
tences by the State courts. [Presbury v. Hill, 34 Mo.
92; Platner v. Sherwood, 6 Johnsons Chancery Cases
118.]

There is, therefore, no ground upon which the trial court's action in overruling the motion can be disturbed so far as plaintiff's rights are concerned. Nor can the motion be treated as an application for a continuance under the statute. It is wholly insufficient for that purpose whether plaintiff's rights or those of her sureties are considered. Indeed, so far as the record discloses, it would seem that plaintiff, after getting possession of the property, left the State taking it with her, and, having possession of the property, is no longer interested in the "prosecution of the action with effect and without delay, or in the return of the property if return thereof be adjudged or the payment of the assessed value thereof with damages in default of such delivery" as required of her by section 2639, Revised Statutes 1909. If this be true, then the only parties complaining of the trial court's action are the sureties who came into the trial court and asked a continuance solely on the ground that counsel for one of the sureties on the replevin bond was "engaged" within the meaning of rule 22. This does not overlook the fact that plaintiff is named in the motion as one of its movents, but, since the motion makes no allegations concerning the necessity of plaintiff's presence at the trial or concerning any of her rights in the premises, or the likelihood of her securing a favorable adjudication of her cause, or of diligence used to bring about that result, we may infer that none of such facts exist else they would have been alleged and supported by affidavit; and we may also infer that it is the sureties who are in reality seeking the continuance in order that they may protect themselves from liability on the replevin bond. And they seek the continuance not upon any claim that any facts exist giving plaintiff or her sureties reasonable grounds for believing a continuance will enable the case to be successfully prosecuted if the continuance is granted, or that any diligence has been exercised so as to obviate, if possible, the necessity for a contin-

uance, but only upon the ground that counsel for one of the sureties is elsewhere engaged. We do not mean to intimate or decide that the sureties' rights herein are merely derivative from those of plaintiff, or that such sureties have not the right to appear and prosecute the case in the absence of plaintiff in dependent of her apparent neglect or lack of interest in the matter. It is not necessary to pass on such questions, but what we have said has a direct bearing upon the fairness and justice of the trial court's ruling under the circumstances and emphasizes the limited ground upon which the demand for a postponement of the case is based.

That ground, as said before, is merely that counsel for one of the sureties was elsewhere engaged within the meaning of rule 22; and, as said before, it is fair to assume that no ground aside from this, arises from the facts else they would have been stated and set forth with particularity.

Rule 22 of the circuit court relied upon as the sole ground for a postponement is as follows:

RULE 22.

"All cases in which the trial attorney for any one of the parties thereto is engaged, as hereinafter provided, shall be taken from the trial list and placed on the "Engaged Counsel" list, and no case on the "Engaged Counsel" list shall be tried on any day on which it appears on such "Engaged Counsel" list. When the attorney in any case on the "Engaged Counsel" list shall have finished such engagement, such case shall on the following day, be transferred from the "Engaged Counsel" list to its numerical order on the trial list.

By the term "Engaged" is meant the actual and necessary participation of an attorney in the trial or hearing of a case in any court of record in Jackson county, the Supreme Court, the Court of Appeals of Missouri, the Supreme Court of the United States, the

Federal Courts of Appeals of the Eighth Circuit, and the Federal Courts for the Western Division of the Western District of Missouri. No attorney, however, who shall be engaged in any court except the circuit court of Jackson county, Missouri, shall be considered as so engaged unless he shall notify the clerk of the assignment division in writing of such engagement, stating in such notice the court which he is attending and as nearly as possible the time he will necessarily be absent.''

The affidavit filed by counsel in support of the motion states the facts as to his being engaged at the time of the trial, and for that reason we quote it. In it affiant states that ''he is and for many years has been an attorney at law, practicing at Kansas City, Missouri; that some time in the fall of 1912 the United States Fidelity & Guaranty Company as surety on the bond of Corean Jones, plaintiff in the foregoing motion, employed him to assist in the conduct and trial of said cause on behalf of the plaintiff and on behalf of said company as plaintiff's surety; that affiant is also attorney for the said surety company in a certain other cause pending in the circuit court of Jackson county, at Kansas City, Missouri, in Division 3 thereof, entitled P. S. Harris, plaintiff v. United States Fidelity & Guaranty Company et al., defendants, No. 67784; that said last-named cause at this May term, 1913, and on to-wit, the —— day of June, 1913, duly came on for trial and was assigned for trial to said division; that on motion of the defendants therein the court referred the issues for trial to George H. English, Jr., a member of the Jackson county Bar, and plaintiff therein demanding an immediate trial, said trial was begun before said referee on the 25th day of June, 1913, and said trial before said referee was continued and is now in progress this the 26th day of June, 1913; that affiant on said June 25, 1913, was and on this day actually is engaged in said trial before said

referee as counsel for said defendants; that said referee intends to proceed with said trial during the remainder of the present week and the continuance of affiant's presence thereat is required in the interests of the defendants in said cause. Affiant further states that on the beginning of the trial before said referee on June 25, 1913, he advised the clerk of the assignment division of the fact that he was so engaged that he did not learn that the cause of Corean Jones v. Edward Jones et al., No. 67690, had been assigned for trial to Division 2 of the court until 10:40 o'clock a. m. this Thursday, June 26, 1913, and the foregoing motion and proof in support thereof is presented to the court as soon as practicable after learning of the assignment aforesaid."

It will be noticed that rule 22 defines the term "engaged" as meaning "the actual and necessary participation of an attorney in the trial or hearing of a case in any court of record in Jackson county, the Supreme Court, the Court of Appeals of Missouri, the Supreme Court of the United States, the Federal Court of Appeals of the Eighth Circuit, and the Federal Courts for the Western Division of the Western District of Missouri." And the affidavit shows that counsel was engaged in a hearing before a referee appointed by the circuit court of Jackson county, Missouri in a cause therein pending. The question therefore arises whether a hearing before a referee is a "trial or hearing of a case in any court of record in Jackson county" within the meaning of those terms as used in rule 22.

Some question has been raised whether counsel could claim the benefit of rule 22 inasmuch as it says no attorney shall be considered as engaged "unless he shall notify the clerk of the assignment division in writing of such engagement stating in such notice the court which he is attending and as nearly as possible the time he will necessarily be absent," and counsel's affidavit *merely* says "he advised the clerk of the as-

signment division of the fact that he was so engaged''
which is not a statement that he notified the assignment
clerk *in writing*. The requirement of notice in writing
to the assignment clerk provided for by said rule, how-
ever, expressly excepts an attorney engaged in the cir-
cuit court of Jackson county. So that the point for
solution again comes back to the question whether the
rule means that a hearing before a referee is to be
considered as ''a trial or hearing of a case in any court
of record in Jackson county.'' It is true, since a ref-
eree sits at any convenient time and place and is not
governed in this respect as is the circuit court, the
reason for notifying the assignment clerk in writing
might be greater in a hearing before a referee than
in one before the circuit court, since the clerk would
be apt to know what is going on in all the divisions
of the court and what attorneys were engaged therein,
but could not know when or where a referee was sit-
ting. But if a hearing before a referee is the ''hear-
ing of a case in a court of record'' within the meaning
of the rule, or is a hearing in the circuit court appoint-
ing the referee, then no notice in writing is required,
nor would notice of any kind be required. It would
seem that counsel's affidavit implies that it was thought
there was some distinction between a trial or hearing in
the circuit court of Jackson county and a hearing be-
fore a referee since the affidavit says the assignment
clerk was ''*advised*'' of his whereabouts when there
was no necessity for any notification if it is clear from
the rule itself that a referee hearing is the same as a
trial or hearing in the circuit court itself. But however
this may be, the question for solution, in its real and
final essence, is, as stated, whether rule 22 means to
include hearings before a referee when it used the
words ''the trial or hearing of a case in any court of
record in Jackson county'' and the words ''except the
circuit court of Jackson county'' in the provision re-
quiring written notice to the assignment clerk.

It would seem from the language of the rule, and when the reason for it and its provisions are considered, that a hearing before a referee is not to be included within its terms. The rule, after specifying the courts of record in Jackson county, as the forums of the trial or hearing, goes on to specify other courts, namely, the Supreme Courts, Courts of Appeals, etc. In so doing, it gives room for the application of the rule "*Expressio unius est exclusio alterius.*" These various tribunals having been specified with particularity, it would seem that if the rule meant to include hearings before referees, such would have been included, or the hearings would have been described generally and not those in particularly specified tribunals.

Again, it is not seen how a hearing before a referee can be said to be the trial or hearing of a case in a court of record. A reference is the sending of a pending cause, or some question therein, by the court in which it is pending, to a private person to hear and determine it provisionally, or to take evidence therein and report the same to the court with or without opinion thereon. [34 Cyc. 774.] The forum created by the referee in conducting a hearing is not a court of record, nor is that hearing in the court's forum. The referee is merely an officer of the court for a specified purpose. [34 Cyc. 804.] It is true he exercises judicial powers and authority, but they are of limited scope and jurisdiction, as is also the time within which he may act. [24 Am. & Eng. Ency. of Law, 229.] By statute he has only the powers of a justice of the peace in the matter of compelling the attendance of witnesses and of punishment for contempt. [Sec. 2003, R. S. 1909.] He has no such extensive powers as has the court on a trial without a jury, though the practice and conduct of the case before the referee is largely as if the case were in that situation. [34 Cyc. 811.] A court of record is a judicial tribunal having attributes and exercising functions independently of

the person of the magistrate designated generally to hold it and proceeding according to the course of the common law. [Ex parte Thistleton, 52 Cal. 220; Bucher v. Thompson, 32 Pac. 498.] A court of record is defined to be a court where the acts and proceedings are enrolled in parchment for a perpetual memorial and testimony. [3 Blackstone's Com. 24; Erwin v. U. D., 37 Fed. 470, l. c. 488; Bellas v. McCarty, 10 Watts (Pa.) 13, l. c. 24; Wheaton v. Fellows, 23 Wend. (N. Y.) 375, l. c. 377.] The privilege of having these enrolled memorials constitutes the great leading distinction in English and American law between courts of record and courts not of record. [Hahn v. Kelly, 34 Cal. 391, l. c. 422.] Referee's courts can no more be considered courts of record than a justice court. The latter keeps a record it is true, but since it does not proceed according to the course of the common law, and is confined strictly to the authority given it by statute, it cannot be termed a court of record in the sense in which that term is used. [Thomas v. Robinson, 3 Wend. (N. Y.) 267.] Likewise the tribunal, if such it may be called, created by the appointment of a referee, is an inferior and subordinate tribunal. Referees are mere creatures of the statute. Their powers are special and limited. They are mere officers of the court for a specific purpose. [Betts v. Letcher, 46 N. W. 193, l. c. 195.] Hence in holding their sittings they cannot set up a tribunal which is the court itself, or which can be termed a court of record or a hearing in a court of record. It would seem that the rule in using the expression "court of record" used it advisedly and in its strict legal sense and intended thereby to exclude all hearings before courts not of record, such as justices of the peace, commissioners, referees and the like. The predominant idea in all definitions of the term "court" is that it is a *permanent* organization for the administration of public justice; and it is not applied to a special tribunal occasionally called into

existence by particular exigencies and that ceases to exist with such occasion. [Streeter v. Paton, 7 Mich. 341, l. c. 347.] This is exactly what a referee's tribunal is, and nothing more. It cannot be said that the hearing before him is a hearing in a court of record because his report is treated as the verdict of a jury, or that in theory it takes place before the court. The very purpose of appointing a referee is that he may hold hearings elsewhere so that the time of the court appointing him may not be unduly absorbed or consumed. And the hearing he conducts is not in the court, but is a hearing before an officer of the court having limited authority. If his hearing can be said to be a hearing in the court, then a court of record can sit in two different places and conduct two or more hearings at one and the same time, when one of the essential requirements of the law as to a court of record is that it shall sit *at a place designated by the law*. "The best definition of a 'court' recognized by a majority of judicial decisions is that: 'A court is a tribunal duly constituted and present at the *time and place fixed by law* for judicial investigation and determination of controversies.' " In re Steel, 156 Fed. 853.]

Again, the word "court" cannot be deemed or held to include a referee unless that meaning can be found in the language used or is necessarily gathered from the context or connection in which the term is used. [In re Cobb, 112 Fed. 655.] And where it is intended that referees shall be included in the term "courts," legislative bodies have been careful to insert a statement to that effect. [See the National Bankrupt Act of July 1, 1898, 30 U. S. Stats. 544; United States v. Liberman, 176 Fed. 161, l. c. 163.]

But aside from any decision as to the meaning of the words employed, when we look at the object of the rule and the practical results flowing from any other construction of its meaning, it can be seen that

hearings before referees were not intended to be included. The referee sits outside of the presence and hearing of the court. Within certain very wide limits the referee controls the time of his own sittings and the length of each. If the rule means that a case can be held up in the circuit court until a long hearing before a referee appointed in another case is concluded, then the appointment of a referee will tend to delay the business of the circuit court instead of accelerating it. And the dispatch of business in the courts would tend to fall under the control of and be governed by the referees instead of the courts themselves. To use a homely phrase, but one with no element or thought of comparison or disrespect in it, this would be a case of the tail wagging the dog.

It is next urged that there is no evidence to support the verdict and judgment. However, the abstract on its face purports to give only a portion of the testimony submitted and only the substance of that. In such situation we cannot say there was not sufficient evidence to support the verdict. [Moore v. Harmes, 123 Mo. App. 34; John Schoen Plumbing Co. v. Empire Brewing Co., 126 Mo. App. 268.] As to the admission of evidence on the value of the property at the time it was taken instead of its value at the time of the trial, while that may have been improper, if defendants were in a position where they could obtain any testimony as to its value at the trial, still as no objection or exception was saved there is no room for holding it reversible error. But, so far as can be gathered from the record, plaintiff got possesion of the goods and presumably took them away with her, and the defendants had no way of ascertaining the value of the goods after the date they were taken. This seems to be the case judging from the answers given. [Merrill Chem. Co. v. Nickells, 66 Mo. App. 678, l. c. 686; Willison v. Smith, 60 Mo. App. 469.]

It is clear that the overruling of the motion did not deprive appellants of any constitutional right. The decision merely construed the rule and held that the attorney was not engaged within the meaning of its terms.   Plaintiff and her sureties· were not denied a day in court.   She and they were given one, and ample time and opportunity were afforded them to take advantage of its opportunities.   Instead of doing so the sureties come in, in behalf of plaintiff and themselves, and offer, as the sole reason for not appearing, the fact that the attorney for one of the sureties is engaged elsewhere, with no showing of any effort made in preparation for the day afforded them.   The only protection claimed is the right conferred by rule 22, and this has been construed adversely to them.   This raises no constitutional question.   If it does, then every ruling whereby the interests of a litigant are adversely affected would, if the litigant so chose, raise a Constitutional question requiring the Supreme Court to pass on the appeal; and the jurisdiction of the appellate courts would not depend upon fixed principles of law but upon the pleasure of each defeated litigant. [Barber Asphalt Paving Co. v. O'Brien, 128 Mo. App. 267; Woody v. St. Louis etc. R. Co., 173 Mo. 547, l. c. 550; Davis v. Thompson, 209 Mo. 192, l. c. 196.]

The judgment is affirmed.   All concur.