JOHN McARTHUR, Respondent, v. KANSAS CITY ELEVATED RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. **TRIAL PRACTICE: Change of Venue: Impaneling Jury: Injury to Third Party.** There were two defendants. When the case was called neither defendant answered and the jury was impaneled, when one of the defendants appeared and made application for change of venue on account of the bias of the court. *Held*, the application was too late, and, further, that the other defendant could not complain of the action of the court in relation to the application of its co-defendant.

2. ————: **Continuance: Absence of Attorney.** When a case is called and no one answered for the defendant it is proper to proceed with the trial; and the record relating to the impaneling of a jury and proceeding to the trial of a case is reviewed and the action of the trial court sustained.

3. ————: **Misconduct of Counsel: Instructions.** If an attorney questions the propriety of a court's action in giving instructions he should be immediately reprimanded, and the failure to do so would be prejudicial error; but where the attorney merely says the instruction is inapplicable to the case, because the evidence does not establish the facts on which it is based, the case is entirely different and the failure to reprimand is not error.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White* for appellant.

(1) The court erred in swearing the panel of eighteen men as to their qualifications as jurors when no attorney or other person connected with the defendant and its defense was present. (2) The court erred in overruling the defendant's motion for a change of venue. R. S. 1899, sec. 818. (3) The court erred in permitting C. E. Burnham, one of the attorneys for the plaintiff, in his argument of the case to the jury, to argue against the instructions of the court. 96 Mo. 104; 95 Mo. 268;

97 Mo. App. 566; 96 Mo. App. 218; McQuillin on Instructions, sec. 22; Thompson on Trials, sec. 944; Dean v. Chandler, 44 Mo. App. 338, l. c. 344.

*Burnham & Brewster* for respondent.

(1)   It was the duty of the defendant to have its counsel in court when this case was called for trial and the court was not obliged to wait until counsel for defendant appeared, before putting a jury in the box. (2)   The motion for a change of venue filed by the Metropolitan Street Railway Company should have been overruled because the same was not filed until after the jury had been sworn to answer questions and the trial had actually begun.   State v. Lehman, 182 Mo. 424; State v. Burns, 54 Mo. 281; State v. Candle, 174 Mo. 388; State v. Blitz, 171 Mo. 530; Fugate v. Young, 6 Mo. 269.   (3)   The motion for change of venue was filed by the Metropolitan Street Railway Company, and appellant, the Kansas City Elevated Railway Company, was not a party to said motion and did not ask for a change of venue, either before or after the plaintiff had dismissed as to the Metropolitan Street Railway Company, and even though the Metropolitan Street Railway Company might have been entitled to a change of venue, appellant having no interest therein, has no right to complain. (4)   The argument of C. E. Burnham, wherein he said:   "I desire to say to you gentlemen of the jury that this instruction given by the court does not apply to the facts in evidence in this case," was a proper argument and in making it plaintiff's counsel was wholly within the limits of legitimate argument.

ELLISON, J.—This is an action for personal injury, in which the plaintiff prevailed in the trial court.

It appears that the case was instituted against both this defendant and the Metropolitan Street Railway Company.   When it was called for trial neither of the defendants was present by agent or attorney.   The plain-

tiff answering ready for trial, the court proceeded with impanelling a jury. The panel was sworn to answer questions touching their qualifications to act as jurors and word was sent to counsel for the defendants that the case had been reached. It seems that some one from the office of the attorneys representing defendants requested the court to postpone the case for the reason that all of defendants' attorneys were then engaged in the trial of cases in other divisions of the Jackson Circuit Court and that it was impossible for them to leave such trials. The trial court refused the request, whereupon the defendant applied for a change of venue in due form on account of prejudice and bias of the judge.

The application for change of venue being made after the jury was sworn, was out of time. Besides, it seems that afterwards the case was dismissed as to the defendant making the application and was left standing against this defendant alone, which latter defendant made no complaint against the judge. No harm could possibly have resulted to the applicant.

Exception was taken to the action of the court in proceeding to empanel a jury in absence of counsel. Exception was also taken to action of the court "in forcing the defendant to trial." The following then appears in the bill of exceptions:

"The Court: You may let the record show that on June 15, 1905, this case was called for trial and the announcement was made that Mr. Hardin, one of the attorneys for the defendant, would represent the defendant in this case and that he was engaged in Division No. 2; that on Friday, the 16th day of June, the case, still waiting for Mr. Hardin, was reset specially for Tuesday, June 20, 1905; that case was reached in the regular course on Wednesday, June 21, 1905, and called for trial about 10:45 a. m.; that there was no one here at that time to represent the defendants; that the jury was in the box and word was sent to counsel for the defend-

ants saying that the case was reached, and Mr. Mathis, one of the assistants in the legal department of the Metropolitan Street Railway Company, came into this courtroom about 10:50 a. m. and he was told to notify Mr. John H. Lucas, general solicitor for the defendants, that if the defendants would arrange to be represented by counsel by two o'clock, that the case would be held until that time; that afterwards Mr. Loomis, one of the attorneys for the company, came in about 11:02 a. m. and stated that his understanding was from a conference with Mr. John H. Lucas that arrangements would be made to have the defendants represented by two o'clock; thereafter Mr. Lucas himself came in and said that he and Mr. Hardin and Mr. Johnson and Mr. Loomis were engaged in other divisions and the court again offered to give him until two o'clock to be represented, which he did not undertake to do, and thereupon the interrogation of this jury was proceeded with."

We do not discover any reason for interfering with the discretion of the trial court in proceeding with the trial. Nor do we see that any harm resulted to defenddant, since the record shows it was represented throughout the trial by one of its regular attorneys. It is true that defendant had no representative present when the case was called, but it should have had some one. Not necessarily the trial lawyer, but some such one as did afterwards appear from the attorney's office. When the case was regularly called and no one answered for the defendant, it was proper to proceed with it.

The only question which has given us any concern is that which relates to conduct of plaintiff's counsel in argument. The following occurred:

"Plaintiff's attorney: I desire to say to you, gentlemen of the jury, that this instruction given by the court does not apply to the facts in evidence in this case.

Defendant's attorney: I desire to object to his say-

ing that any instruction given by the court in this case does not apply to this case.

The Court: The objection is overruled. He says it doesn't apply to these facts because he contends the facts do not exist; that that particular instruction does not apply in this case because he says the facts are not there.

Defendant's attorney: My objection is to his arguing that the instructions don't apply in this case.

The Court: Objection overruled."

If we interpret this as a challenge on the part of the attorney of the propriety of the court's action in giving the instruction, we would regard it, upon objection being made, as subject of immediate reprimand by the court and in absence of such rebuke should consider it such a breach of the orderly administration of justice as to justify the conclusion that the complaining party had been prejudiced thereby. But we do not so interpret the incident, when we include in it, and as part of it, the remarks of the court. We do not regard the counsel as having intended to criticize the court in performing its exclusive function of instructing the jury. It was not intended to say that there was no evidence justifying the giving the instruction, but only to assert that the evidence had not established as facts anything to which the hypothesis in the instruction could apply. We therefore conclude that defendant's exception in this regard should also be overruled. The result is the judgment should be affirmed. All concur.