## PICKING et al. v. PENNSYLVANIA R. CO. et al.

### Civil Action No. 1227.

District Court, M. D. Pennsylvania.

May 22, 1946.

See also 5 F.R.D. 76.

Ida M. Picking, of Baltimore, Md., for plaintiffs.

Nauman, Smith & Hurlock, of Harrisburg, Pa., for defendant Pennsylvania Railroad Co.

J. McD. Sharpe and Edmund C. Wingerd, both of Chambersburg, Pa., for defendants J. Glenn Benedict, Watson R. Davidson, H. S. Beyers, and Paul H. Winger.

Wm. McK. Rutter, Deputy Atty. Gen. Pa., and James H. Duff, Atty. Gen. Pa., for defendants Arthur H. James, J. H. Pochyba, Samuel D. Mackey, G. J. Sweeney.

James A. Strite, of Chambersburg, Pa., for defendants Roy G. Kell, J. L. Kell, and Mrs. J. Kell.

Edwin D. Strite, of Chambersburg, Pa., for defendant W. R. Kieffer.

Wingerd & Long, of Chambersburg, Pa., for defendant C. B. Rotz.

WATSON, District Judge.

This action is now before the Court on a motion by the plaintiffs to dismiss a motion by the defendant, Pennsylvania Railroad Company, to dismiss the plaintiffs' amended complaint as to the Pennsylvania Railroad Company. The plaintiffs advance several reasons, all, in the opinion of this court, without merit.

The most seriously stressed one was that "defendant did not serve its said Motion to Dismiss within 10 days after the service of the Amended Complaint upon it. Federal Rules of Civil Procedure, rule 12(a)(2), 28 U.S.C.A. following section 723c. Said amended complaint was * * * technically served upon it (the Defendant) on Saturday April 20, and its Motion to Dismiss was mailed to Plaintiffs on Wednesday, May 1, 1946, making a total of 11 days."

Pertinent parts of the Rule referred to read as follows: "The service of any motion provided for in this rule alters the time fixed by these rules for serving any required responsive pleading as follows, unless a different time is fixed by order of the court: * * * (2) if the court grants a motion for a more definite statement or for a bill of particulars, the responsive pleading may be served within ten days after the service of the more definite statement or bill of particulars." Rule 12(a) Rules of Civil Procedure, 28 U.S.C.A. following 723c.

■ This motion is not a responsive pleading and, therefore, the provisions of the rule referred to do not apply. The motion is to dismiss the amended complaint because of failure to state a claim upon which relief can be granted. Such a motion is always timely unless an answer has been duly made or the rules provide a time within which such a motion may be served and there is no such provision in the rules. Furthermore, the circumstances of this case do not warrant its disposal upon mere technicalities. In my opinion, the motion to dismiss by the defendant is timely and proper, and the plaintiffs' motion to dismiss it is without merit, and should be denied. Plaintiffs have insistently cried for a speedy determination of their rights, yet they continually file motions of this type in a volume never before encountered by this Court.

The motion by the plaintiffs to dismiss the motion of the defendant to dismiss the plaintiffs' amended complaint must be, and hereby is, denied.