### PARK–IN THEATRES, Inc., v. PARA-MOUNT–RICHARDS THEATRES, Inc., et al.

#### Civ. A. No. 1072.

United States District Court
D. Delaware.
July 13, 1949.

Arthur G. Connolly, of Wilmington, Del., and Leonard L. Kalish, of Philadelphia, Pa., for plaintiff.

William S. Potter and James L. Latchum (of Southerland, Berl & Potter), of Wilmington, Del., and Charles R. Fenwick (of Mason, Fenwick & Lawrence), of Washington, D.C., for defendants.

RODNEY, District Judge.

In this case, after complaint filed, the defendants entered a motion to dismiss upon stated grounds. Disposition of the motion being deferred, D.C., 81 F.Supp. 466, the defendant filed numerous affidavits and on January 11, 1949 moved for summary judgment based on the complaint and affidavits. No answer has been filed. On March 22, 1949 the plaintiff filed an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., without leave of the court or consent of the adverse parties being either requested or obtained. Rule 15(a) provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The defendants have moved to dismiss the amended complaint as having been filed without leave of the court or consent of the adverse parties.

Eliminating all extraneous motions now pending, there is presented the narrow question as to whether a motion for summary judgment is a "responsive pleading" within the meaning of the Rule so as to make the leave of the court or consent of the adverse party essential to the filing of the amended complaint.

We are immediately confronted with the case of Triangle Conduit and Cable Co., Inc., v. National Electric Products Corp., D.C.Del.1941, 38 F.Supp. 533, 535.[1] In that case a motion was filed by defendant for summary judgment and subsequently the plaintiff sought, by motion, leave of the court to amend the complaint. The plaintiff did not file the amendment as a matter of right contending the motion for summary judgment was not a responsive pleading, but sought leave of the court to file such amendment. Under these circumstances it may be questionable whether a determination that the motion for summary judgment was or was not a responsive pleading was not obiter. The court, however, did say, "Is defendant's motion for summary judgment a 'responsive pleading'? In the opinion of the court it is. If granted it would dispose of the case." The Triangle case was reversed on other grounds.[2]

■ Waiving any question of the statement of the court as constituting obiter, we desire to reconsider the question of the correctness of the statement itself. We do this the more readily because here there is not involved any question of substantive law affecting the rights of parties heretofore relying upon the former expression of opinion, but purely a question of future procedural practice involving, however, a procedural right which may not be denied.[3]

The court in the Triangle case clearly considered a motion for summary judgment a responsive pleading because "if granted it would dispose of the case." The dispositive nature of the motion is not of the essence of the Rule. A motion to dismiss the complaint, for example, is dispositive of the case, but a motion to dismiss has not been considered as a responsive pleading.[4]

■ A motion for summary judgment may not be considered a "responsive pleading" within the contemplation of the Rule if we accord to the language of the Rule its ordinary meaning. It is not a "pleading" as prescribed by the rules and in no sense is it "responsive." It responds to nothing in the preceding pleading and assumes there are no controverted material facts to which a response should be made. If such controverted material facts exist and to which a response should be made, then the motion for summary judgment must fail. The motion in general assumes the correctness of the facts theretofore alleged and that there is nothing to be added by response and that, notwithstanding the correctness of the prior facts, the judgment should be entered.

That a motion for summary judgment is not a responsive pleading under Rule 15(a) has been directly held in Rogers v. Girard Trust Co., 6 Cir., 1947, 159 F.2d 239. This is the view held by Moore's Federal Practice where the author, after citing the Tri-

---

[1] This case was cited with approval in the Matter of Watauga Steam Laundry, D.C.Tenn.1947, 7 F.R.D. 657.

[2] Triangle Conduit and Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 1942, 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750.

[3] Johnson v. Walsh, D.C.W.D.Mo.1946, 65 F.Supp. 157, 160.

[4] Keene Lumber Co. v. Leventhal et al., 1 Cir., 1948, 165 F.2d 815; Simmons Co. v. Cantor, D.C.W.D.Pa.1943, 3 F.R.D. 197. See also Porter v. Montaldo's, D.C. S.D.Ohio 1946, 71 F.Supp. 372, 373, involving a motion for Bill of Particulars wherein it is said, "A motion is not a responsive pleading within the meaning of the rule."

angle case to the contrary, says, "But this seems an incorrect interpretation of the Rule." 3 Moore's Federal Practice, (2d ed.) pp. 825, 826.

Uniformity in the construction of the Rules is highly desirable and should be effected where possible, even though it require a review of a prior decision of this court in a procedural matter, especially where the correctness of such prior decision may be seriously open to question.

Believing that a motion for summary judgment is not a responsive pleading within the meaning of Rule 15(a), and recognizing that the amended complaint in this case was filed before the interposition of a responsive pleading, the motion to dismiss the amended complaint must be denied. A casual inspection of the amended complaint indicating substantial differences from the original complaint, the motion for summary judgment heretofore filed and directed solely to the original complaint must fall or is now denied with liberty to renew said motion if desired.

An order may be prepared including the grant of an appropriate time for the defendants to answer or otherwise move with respect to the amended complaint.