**SAVINGS FINANCE CORPORATION,**
Plaintiff-Respondent,

v.

**Luther G. BLAIR, Defendant-Appellant.**

No. 7394.

Springfield Court of Appeals.

Missouri.

June 9, 1955.

Roy V. Selleck, Rolla, for defendant-appellant.

Orville C. Winchell, J. W. Grossenheider, Lebanon, for plaintiff-respondent.

STONE, Judge.

In this suit on a promissory note, defendant appeals from a default judgment for $136.13 entered against him on March 1, 1954, which the court refused to vacate on timely motion. To plaintiff's original petition filed on December 18, 1951, defendant filed a "Motion To Make More Definite And Certain" on January 12, 1952, which was never ruled. The original file "having been misplaced or lost" in the meantime, the court entered an order on January 4, 1954, "that the files may be fully supplied by both sides." On January 20, 1954, plaintiff filed an amended petition, copy of which was, according to plaintiff's counsel, mailed to opposing counsel at the same time. Although defendant's attorney insists that no such copy was received by him, we note his significant admission that he received a letter from plaintiff's counsel on *February 16, 1954,* which stated, in part, that "On the 18th day of January the plaintiff's first amended petition was mailed to Eugene Bell, Clerk of the Circuit Court at Waynesville, Missouri (where the case was pending), and a copy was sent to you."

When the case was called on March 1, 1954, another member of the bar, who said that "I don't represent Mr. Blair (the defendant) in the matter—I am merely speaking for Mr. Selleck (defendant's attorney of record)," told the court that Mr. Selleck was in court at Camdenton and that he (Selleck) "wanted me to inform the court that he had not received the copies (of pleadings to supply the file) that the court had ordered the plaintiff to send to him." In the ensuing discussion, plaintiff's counsel insisted on *early disposition* but nevertheless said that he would not object to an order granting defendant ten days in which to answer. When this suggestion was not accepted by the attorney "speaking for Mr. Selleck," the court proceeded on the same date to hearing and judgment.

Defendant contends that, since the amended petition was filed "without leave of court or * * * written consent of the adverse party" [Section 509.490], the

case remained pending on the original petition and defendant's undetermined motion to make that petition more definite and certain, and that the court had no authority to proceed to judgment on the amended petition. (All statutory references herein are to RSMo 1949, V.A.M.S.) However, under Section 509.490 *"a party may amend his pleading as a matter of course at any time before a responsive pleading is filed and served."* "Responsive" is defined as "answering; constituting or comprising a complete answer" [Black's Law Dictionary (4th Ed.), p. 1476], or as "that (which) responds; answering; replying" (Webster's New International Dictionary (2nd Ed.), p. 2124]. See also Pennsylvania R. Co. v. Daoust Const. Co., 7 Cir., 193 F.2d 659, 661. Although we have found no reported discussion of the term "responsive pleading" by an appellate court in this state, several federal courts have considered the meaning of that term in construing and applying Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., which (as to the portion under consideration here) differs from Section 509.-490 only in that our Missouri statute permits an amendment *as a matter of course* "before a responsive pleading is *filed and served"* while Rule 15(a) permits such amendment "before a responsive pleading is *served."* With but one unimportant exception,[1] it has been widely and uniformly held that a motion is not a "responsive pleading" within the purview of Rule 15 (a),[2] and we likewise conclude that defendant's motion to make more definite and certain in the instant case was not a "responsive pleading" within the meaning of Section 509.490.

A statute or rule providing for amendment of a pleading as of course permits such amendment *as a matter of right* [Jones v. McGonigle, 327 Mo. 457, 37 S.W. 2d 892, 897, 74 A.L.R. 550; Black's Law Dictionary (4th Ed.), p. 1232] and confers a procedural right which may not be denied. Johnson v. Walsh, D.C.Mo., 65 F.Supp. 157, 160(4); Park-In Theatres v. Paramount-Richards Theatres, D.C.Del., 9 F.R. D. 267, 268(1); Barron and Holtzoff on Federal Practice and Procedure, Vol. 1, Section 443, p. 874. Therefore, with the case then pending on defendant's motion to make the original petition more definite and certain, plaintiff's amended petition properly was filed without leave of court or defendant's consent; and, with defendant in default as to the amended petition, we cannot say that the court had no right to proceed to hearing and judgment thereon. Whether the file had been supplied with a copy of plaintiff's original petition became wholly immaterial when the amended petition was filed *as a matter of right,* for, upon the filing of such amended petition, the original petition became an abandoned pleading. Weir v. Brune, Mo., 256 S.W.2d 810, 811(1), and cases there cited.

1. Triangle Conduit & Cable Co. v. National Elec. Products Corp., D.C.Del. 1941, 38 F.Supp. 533, 535(1), certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750, holding that *a motion for summary judgment* is a "responsive pleading"—but, contra Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Ky., 6 Cir., 178 F.2d 570, 573(3); Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239, 241; Park-In Theatres v. Paramount-Richards Theatres, D.C.Del.1949, 9 F.R.D. 267, 268–269(3).

2. Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93, 94(2), certiorari denied 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614; Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815, 823(16); United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453, 454(1); Amos v. Prom, D.C.Iowa, 115 F.Supp. 127, 131 (5); Whittemore v. Continental Mills. D.C.Me., 98 F.Supp. 387, 389(1); Porter v. Montaldo's, D.C.Ohio, 71 F.Supp. 372, 373(2); Picking v. Pennsylvania R. Co., D.C., 5 F.R.D. 280, 281(1); Barron and Holtzoff on Federal Practice and Procedure, Vol. 1, Section 443, p. 874. See particularly Simmons Co. v. Cantor, D.C.Pa., 3 F.R.D. 197, 198(2), where a *motion for a bill of particulars* was *not* a "responsive pleading." And, compare Lustine v. Williams, D.C.Mun.App., 68 A.2d 900, 901–902(3).

Defendant also assigns error in that, although informed on March 1, 1954, that defendant's counsel was engaged elsewhere, the court then refused to continue the case and subsequently refused to vacate the default judgment for this reason. The request for continuance by the attorney "speaking for Mr. Selleck," presented orally without plaintiff's consent, obviously was not an application for continuance within the meaning of Section 510.090 [McGinley v. McGinley, Mo.App., 170 S.W.2d 938, 940(1); Key v. Key, Mo.App., 93 S.W.2d 256, 258(3)]; but, *even if* the oral request might be treated as an application for continuance, we could not, upon the record before us, convict the trial court of reversible error for denial of the request. For, the granting of a continuance rests largely in the discretion of the trial court [Commercial Nat. Bank of Kansas City, Kan. v. White, Mo., 254 S.W.2d 605, 607(1)]; and, although that discretion is judicial in nature and reviewable on appeal [State ex rel. Bernero v. McQuillin, 246 Mo. 517, 152 S.W. 347, 353(7); Rottman Distilling Co. v. Van Frank, 88 Mo. App. 50, 52(1); Nichols v. Headley Grocer Co., 66 Mo.App. 321, 323(1)], every intendment is in favor of the court's ruling. Hall v. Williams, 330 Mo. 473, 50 S.W.2d 138, 139(2); Blair v. Chicago & Alton R. Co., 89 Mo. 383, 395(10), 1 S.W. 350; Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 228(3).

We are in hearty accord with the oft-repeated declaration that, since the purpose of all courts is to do justice, the policy of the law should be and is to try and determine cases on their merits [Tucker v. St. Louis Life Ins. Co., 63 Mo. 588, 593; Hartle v. Hartle, Mo.App., 184 S.W.2d 786, 788; Karst v. Chicago Fraternal Life Ass'n, Mo.App., 22 S.W.2d 178, 181(3)]; and, we likewise are in entire agreement with the holdings that the discretion to be exercised by a trial court, in passing upon a motion to vacate a default judgment, is not an arbitrary or capricious one and "'is not a mental discretion, to be exercised ex gratia, but (is) a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not impede or defeat, the ends of substantial justice.'" [Parks v. Coyne, 156 Mo. App. 379, 137 S.W. 335, 340; Hall v. McConey, 152 Mo.App. 1, 132 S.W. 618, 621 (6)]. See also Huffman v. Meriwether, Mo.App., 201 S.W.2d 469, 474(6); Armstrong v. Elrick, 177 Mo.App. 640, 160 S.W. 1019, 1022(3). However, it has long been established that, to warrant vacation of a default judgment, a defendant must show a good and sufficient reason for his default and that he has a meritorious defense [O'Connell v. Dockery, Mo.App., 102 S.W. 2d 748, 750–751(10); Williams v. Barr, Mo.App., 61 S.W.2d 420, 421(1); Case v. Arky, Mo.App., 253 S.W. 484(2); Picher v. Hornaday, Mo.App., 202 S.W. 410, 411 (2)], and that, to justify appellate interference, both of these things must appear so clearly as to make it manifest that the trial court's refusal to vacate was arbitrary [Robyn v. Chronicle Pub. Co., 127 Mo. 385, 30 S.W. 130, 131; Pry v. Hannibal & St. Joseph R. Co., 73 Mo. 123, 125(1)]. See also Allen v. Fewel, 337 Mo. 955, 87 S.W.2d 142, 145(3); Butcher v. White, Mo.App., 267 S.W.2d 701, 703(4); Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864, 866(2); Munroe v. Dougherty, 196 Mo.App. 124, 190 S.W. 1022, 1024(3).

The record presented in the instant case neither requires nor permits the findings essential to reversal. Adverting to the merits of the case, we observe that, in his verified "Motion To Set Aside Judgment" filed on March 8, 1954, defendant boldly asserted "that this defendant has documentary evidence *(not produced and not otherwise identified)* to prove that said note has been *fully* paid and discharged," although in his *prior* "Motion To Make More Definite And Certain," he had averred "that there is documentary evidence showing *a balance of $29,*" and, in a *subsequent* hearing, defendant's counsel stated that *"$17.80, I believe, * * * was the balance due on that note."* Coupled with the fact that defendant never tendered an answer, these unexplained contradictory

statements leave us unconvinced that he had a good and meritorious defense to plaintiff's cause of action.

The fact that defendant's counsel was engaged elsewhere did not, in and of itself, compel continuance when the case was called for trial on March 1, 1954, nor require subsequent vacation of the default judgment on defendant's motion. Williams v. Barr, supra, 61 S.W.2d loc. cit. 421–422(3); Schopp v. Continental Underwriters' Co., Mo.App., 284 S.W. 808, 810 (1); Daugherty v. Lanning-Harris Coal & Grain Co., 218 Mo.App. 187, 265 S.W. 866, 874(3); Jones v. Jones, supra, 175 S.W. loc. cit. 228(4); Wilson v. Scott, Hedges & Hinckley, 50 Mo.App. 329, 331(2); Hurck v. St. Louis Exposition & Music Hall Ass'n, 28 Mo.App. 629(3). Whether a trial court has abused its discretion in proceeding to trial and judgment in the absence of a party or his attorney must be determined upon the particular facts and circumstances in the case under consideration [Brown v. Stroeter, Mo.App., 263 S.W.2d 458, 462(2); Parks v. Coyne, supra, 137 S.W. loc. cit. 339(3)]; and, on the record before us, we cannot find such abuse of discretion in the instant case.

Finally, defendant assigns error in the overruling of his application for change of venue filed on *April 5, 1954,* which the trial judge denied because he was of the opinion that he had no authority to grant the requested change of venue *after judgment.* In this he was correct. The early holding in Ex parte Cox, 10 Mo. 742, that "after the issues have been made up and tried, it is too late for complainant to come in and swear that the judge is prejudiced," has never been criticized or questioned. To the same effect, see Key v. Key, supra, 93 S.W.2d loc. cit. 258-259 (7); Wilson v. Teale, Mo.App., 88 S.W.2d 422, 424(5). Cf. State ex rel. Kimbrell v. People's Ice, Storage & Fuel Co., 246 Mo. 168, 151 S.W. 101, 110–111(5); Woodrow v. Younger, 61 Mo. 395; McArthur v. Kansas City Elevated R. Co., 123 Mo. App. 503, 100 S.W. 62(1). The holding in

Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323, 327–328(8), on which defendant here relies, that a change of venue may be taken in a proceeding to modify a decree of divorce is not applicable or controlling here, for that determination was predicated on the fact that a motion to modify is *an independent proceeding* in which the motion itself is treated as a petition [Prudot v. Stevens, Mo.App., 266 S.W.2d 756, 758 (2)], relief may be granted only upon proof of facts and circumstances arising subsequent to rendition of the divorce decree, and the rights of the parties are adjudicated anew upon hearing.

Plaintiff's motion to dismiss the appeal is overruled and the judgment is affirmed.

McDOWELL, P. J., and RUARK, J., concur.