**William L. CARR (Plaintiff), Respondent,**

v.

**Frances E. CARR (Defendant), Appellant.**

**No. 29804.**

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1957.

Fletcher P. Gotter, Overland, Robert Frazier, Greensboro, N. C., for appellant.

Samuel S. Mandel and Milton W. Schaeffer, Louis E. Zuckerman, St. Louis, for respondent.

MATTHES, Judge.

Defendant has appealed from the judgment granting plaintiff a divorce and dismissing defendant's cross-bill. The sole point for determination is whether the trial court abused its discretion in refusing to grant defendant a continuance upon her oral application therefor. This contention requires a review of the proceedings giving rise to this question.

The petition for divorce was filed on July 5, 1956; defendant's answer and cross-bill on August 15, 1956, and plaintiff's reply on September 28, 1956. When the cause was called for trial on December 6, 1956, Mr. Gotter, representing defendant announced: "I just heard by telephone, your Honor, that my client is going to a hospital, and I would like a continuance. The Court: Overruled." A colloquy ensued between the court and the lawyers relating to the procedure to be followed in the absence of defendant. This resulted in an announcement by the court that he would hear plaintiff and his witnesses on that day, and then pass the cause to a day certain to afford defendant the opportunity of presenting evidence or of making a proper showing that because of illness she could not then appear. Later and on the same day, Mr. Gotter informed the court that he had heard from Dr. G. Alexander over "long distance telephone" but no attempt was made to disclose the nature of the conversation. Thereupon, with Mr. Gotter present and after the court heard plaintiff's testimony and that of his character witnesses, the cause was passed to December 20, 1956. On that day the parties appeared by their respective lawyers, and Mr. Gotter stated that he had received a letter from the L. Richardson Memorial Hospital, Inc., Greensboro, North Carolina, which the court received as evidence. Therein it was stated that Mrs. Frances Carr became acutely ill on December 5, 1956; that an operation was performed on December 6, 1956, and that "I have advised her that she may be able to travel February 15, 1957. Respectfully, (Signed) G. Alexander, M. D." No further effort was made to obtain a continuance, and the Court, after stating "I don't think these letters comply with our statutes, therefore, I am going to overrule a further continuance * * *," entered the decree from which the defendant has appealed.

By the explicit terms of Section 510.090 RSMo 1949, V.A.M.S., "Every application for a continuance shall, unless the adverse party consents that it be made orally in open court, be made by motion in writing, accompanied by the affidavit of the applicant, or some other credible person, setting

forth the facts on which the application is founded."

 There is neither proof nor contention that a written application was presented at any time in this case, nor does it appear that plaintiff consented to the oral request made at the outset of the trial proceedings. In this state of the record we cannot say that the trial court acted arbitrarily in refusing the request that was made. Key v. Key, Mo.App., 93 S.W.2d 256(3); McGinley v. McGinley, Mo.App., 170 S.W.2d 938(1); Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675(6). Even if the oral motion could be accorded the status of an application for continuance, we would not be willing on the record before us to convict the trial court of an abuse of discretion in denying the same. For the principle is firmly established that the granting of a continuance rests largely in the sound discretion of the trial court. Albi v. Reed, Mo.Sup., 281 S.W.2d 882, (11); Lambert v. Lambert, Mo.App., 222 S.W.2d 544, loc. cit. 547, and every intendment is in favor of the court's ruling, Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 228(3); Savings Finance Corp. v. Blair, supra, and cases there cited. Here, the action of the able trial judge refutes the charge of arbitrary conduct, and establishes just and fair treatment of defendant in an effort to safeguard her rights. Because of the failure of defendant to comply with the mandate of the statute, the court would have been justified in proceeding to a conclusion of the case on December 6. However, in an effort to accord defendant a fair opportunity to be present at the trial and make proper presentation of her cause, or to establish good reason for her absence, the court passed the case for two weeks. And the events of December 20 lend no support to defendant's claim of error. On that day Mr. Gotter did not even make an oral request for further continuance. He merely read an unidentified letter, purportedly from a doctor, which related to defendant's physical condition. It is clearly demonstrated that the court did not abuse its discretion in refusing a continuance, Van Fleet v. Van Fleet, Mo.App., 253 S.W.2d 508, 509; McGinley v. McGinley, supra; Gregory v. Hansen, Mo.App., 224 S.W. 82 (1) (3), so the judgment must be and is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.