Molly **KRIEBER**, Plaintiff-Respondent,

v.

Vernon **KRIEBER**, Defendant-Appellant.

No. 32739.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1967.

Rehearing Denied Oct. 17, 1967.

Sherwood R. Volkman, St. Louis, for defendant-appellant.

Frank E. Doyle, Charles F. Hill, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

This appeal by defendant is from a judgment and decree awarding plaintiff a divorce and alimony in gross of $5500, entered in the absence of defendant and his counsel.

The record discloses that plaintiff instituted her suit in the Circuit Court of St. Louis County on June 29, 1965, alleging in her petition various indignities as the basis of her claim for relief. Defendant, then represented by other counsel, filed an answer in which he admitted the marriage but denied all allegations concerning plaintiff's claimed grounds for a divorce. Trial was had on March 7, 1966 at which plaintiff was the sole witness. Defendant was not present in person but was represented by counsel. During the course of plaintiff's testimony she identified and there was introduced in evidence a written stipulation regarding a property settlement which the court was asked to approve and incorporate in any decree granted plaintiff. While the stipulation has not been included in the transcript nor filed here as an exhibit plaintiff's testimony on direct and cross-examination shows that as part of the agreement defendant was to pay plaintiff $2500 in cash and to transfer to her his interest in a house trailer, provided that the finance company which held a chattel mortgage on the trailer released defendant from all responsibility therefor. Defendant's counsel requested the court not to enter a decree until the finance company formally released defendant, and in compliance with that request the court took the case under submission on the under-

standing that defendant's counsel would advise the court when the release was received.

The transcript shows that on April 1, 1966, on the application of plaintiff, the case was placed on the docket for further hearing on April 8, 1966, and a subpoena ordered to issue to be served on defendant. The case was thereafter twice continued, and in the interim defendant's original counsel withdrew and Sherwood R. Volkman entered his appearance as attorney for defendant. The transcript also shows that on the application of plaintiff made on June 8, 1966, the cause was docketed for further hearing on June 17, 1966, and that Mr. Volkman was notified of the fact by a letter sent by plaintiff's counsel, which was received by defendant's counsel on or about June 10, 1966.

Plaintiff and her counsel appeared at the hearing set on June 17, 1966, but neither defendant nor his counsel appeared. Plaintiff testified that although the finance company had agreed to release defendant he had failed to fulfill his agreement to transfer the house trailer to her. She also related, in brief, that she had owned another trailer at the time of the marriage which had been traded in on the new one plaintiff and defendant purchased, the amount allowed in trade having been $3515; that after the trade in allowance the time balance due on the new trailer was $5411; that defendant had made only two monthly payments of $65 each after they separated, and that thereafter she had made ten such payments; and that at the time of trial the new trailer was worth from $5500 to $6500, with about $3000 remaining due the finance company. Plaintiff's counsel expressed the opinion that the court could not award plaintiff the defendant's interest in the trailer as part of her alimony in gross, and requested the court to allow plaintiff the $2500 originally agreed upon plus $3000 in lieu of defendant's one-half interest in the trailer, or a total of $5500. After questioning plaintiff regarding the facts surrounding the purchase and the value of the trailer the court entered the judgment and decree awarding plaintiff a divorce, alimony in gross of $5500, and $300 as additional attorney's fees.

On June 28, 1966, defendant filed his motion for a new trial (not set forth in the transcript) and an amended motion on July 2, 1966. In the latter defendant alleged that his counsel, Mr. Volkman, had been engaged in the trial of a case in the City of St. Louis at the time of the hearing on June 17, 1966, and that plaintiff's counsel had been advised on June 16, 1966 that Mr. Volkman would be so engaged. It was further alleged that "defendant's counsel was led to believe that a continuance would be granted in this matter on this day," but no explanation was set forth in the motion as to how or why defendant's counsel was allegedly led to entertain that belief. Attached to the motion was the affidavit of Mr. Volkman in which he swore:

"Sherwood R. Volkman, being duly sworn, states upon his oath: that the deponent was engaged in trial in Division 14 of the Circuit Court, City of St. Louis on June 17, 1966, and that by and through his secretary, he notified Frank E. Doyle, attorney for the plaintiff, of this fact on June 16, 1966, and requested a continuance of this matter until the deponent was finished with the trial of the matter in the City of St. Louis Circuit Court."

At the hearing on defendant's motion on September 2, 1966, defendant's only effort to support and substantiate his motion consisted of calling Mr. Doyle, plaintiff's counsel, to the stand. In answer to defendant's questions Mr. Doyle testified that a lady had telephoned him on June 16, 1966, identified herself as Mr. Volkman's secretary, and advised him that Mr. Volkman couldn't be at the hearing the next day because he had to be in St. Louis on a motion in another case. Mr. Doyle was asked whether he had agreed to pass the

case and emphatically denied that he had done so. He was also asked whether he had advised the court of the message given him regarding Mr. Volkman's presence in another court and his reply was that he had so informed the court. No other evidence was offered by defendant. At the conclusion of Mr. Doyle's testimony a colloquy occurred between the court and counsel during which defendant's counsel protested that by the original stipulation defendant had agreed to pay only $2500 alimony in gross. The court pointed out that the stipulation had never materialized and was not binding because defendant had failed to fulfill his agreement to assign his interest in the trailer to plaintiff, and expressed the opinion that he did not consider the allowance of $5500 for alimony in gross to be excessive. Plaintiff's counsel then stated that if defendant would transfer his interest in the trailer to plaintiff she would give him credit for $3000 on the judgment and he would then have to pay only $2500 in cash. Defendant's counsel made no answer to plaintiff's offer. The court overruled defendant's motion for a new trial and this appeal followed in due course.

█ Defendant's only complaint concerns that part of the judgment and decree awarding plaintiff $5500 as alimony in gross. He urges that the judgment should be reversed because it was entered in violation of, " * * * the rule that an order rendered without notice to the party, or his counsel, and *in their absence of them* is error." (Emphasis defendant's). Defendant cites Luedde v. Luedde, 240 Mo.App. 69, 211 S.W.2d 513; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W. 2d 387; and Gladden et al. v. City of Kansas City, Mo., 411 S.W.2d 228, but the principle actually announced in those cases is far different than defendant's version of the rule. As stated in Bindley (358 Mo. 31, 213 S.W.2d 387, 391) and reiterated in Gladden it is that, " * * Notice and a hearing, or an opportunity to be heard, have long been considered es-

sential to due process, to a decision on the merits of a cause and to the deprivation of rights and property. * * *" Defendant's counsel conceded that he received a notice that the hearing would be held. It follows that defendant and his counsel had an opportunity to appear at the hearing and to be heard. Neither did so. Defendant counsel's message orally conveyed to the court by Mr. Doyle was not an application for a continuance within the meaning of Section 510.090, RSMo 1959, V.A.M.S. Savings Finance Corp v. Blair, Mo.App., 280 S.W.2d 675; McGinley v. McGinley, Mo.App., 170 S.W.2d 938. But even if it was so considered we could not, upon the record before us, convict the trial court of reversible error for denial of the request. For the granting of a continuance rests largely in the discretion of the trial court, Carr v. Carr, Mo.App., 308 S.W.2d 357; the fact that defendant's counsel may have been engaged elsewhere did not, in and of itself, compel a continuance, Savings Finance Corp. v. Blair, supra; and while the discretion exercised by the court is judicial in nature and reviewable on appeal every intendment is in favor of the court's ruling. Carr v. Carr, supra; Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227.

█ Nor can we convict the trial court of reversible error in refusing to set aside the judgment and decree. The action of a trial court in sustaining or overruling a motion to set aside a default judgment is likewise generally within the trial court's sound judicial discretion. Gorzel v. Orlamander, Mo., 352 S.W.2d 675. It has long been the rule that to warrant the vacation of a default judgment a defendant must show a good and sufficient reason for his default and that he has a meritorious defense, Gorzel v. Orlamander, supra. Under the record in this case defendant failed to substantiate either of those elements. The fact that a party's counsel was engaged in the trial of another case is, standing alone, no reason for setting aside a judgment where the party failed to appear for the trial. Savings Finance Corp. v.

Blair, supra; Williams v. Barr, Mo.App., 61 S.W.2d 420; Schopp v. Continental Underwriters' Company, Mo.App., 284 S.W. 808; Case v. Arky, Mo.App., 253 S.W. 484; Daugherty v. Lanning-Harris Coal & Grain Co., 218 Mo.App. 187, 265 S.W. 866. In his motion for a new trial defendant alleged that "defendant's counsel was led to believe that a continuance would be granted in this matter * * *." That allegation did not prove itself and no testimony was introduced in support of it. Mr. Doyle testified that he had not agreed to a continuance and his testimony stands uncontroverted. Neither Mr. Volkman or his secretary took the stand or offered any explanation of how or why, as claimed, defendant's counsel had been led to believe that a continuance would be granted. Nor is any support to be found in Mr. Volkman's affidavit attached to the motion. All that he deposed therein is that plaintiff's counsel was requested to agree to a continuance, but he did not swear that Mr. Doyle had agreed to do so.

■ Defendant likewise failed to allege or show that the award of alimony made to the plaintiff is unreasonable or excessive, or beyond his ability to pay. And as late as the hearing on his motion for a new trial plaintiff, in effect, offered him substantially the same terms to which he had previously agreed in the stipulation, but defendant chose to spurn them. In short, defendant wholly failed to comply with either of the requirements which are a prerequisite to obtaining the relief prayed. Gorzel v. Orlamander, supra; Savings Finance Corp. v. Blair, supra.

The judgment is therefore affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.