**Raymond George CLINTON, Plaintiff, Respondent,**

v.

**Lena Mae CLINTON, Defendant, Appellant.**
**No. 33179.**

St. Louis Court of Appeals.

Missouri.

June 13, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 15, 1969.

Application to Transfer Denied Oct. 13, 1969.

Daniel P. Reardon, Jr., St. Louis, for defendant-appellant.

Hale W. Brown, Kirkwood, for plaintiff-respondent.

MARSHALL CRAIG, Special Judge.

Defendant appeals from a judgment and decree awarding plaintiff a divorce and the care and custody of a minor child, entered in the absence of defendant and her counsel.

Plaintiff, Raymond George Clinton, filed a petition for divorce in St. Charles County against Lena Mae Clinton. Defendant filed an answer and cross-bill and plaintiff filed a reply. Hearing was set for October 18, 1967. On that date neither party appeared, either in person or by counsel and the court ordered both the petition and the cross-bill dismissed. On October 24, 1967, on motion of plaintiff, the court set aside the dismissals and reinstated both the petition and the cross-bill.

On November 6, 1967 the court entered an order setting the case for trial on December 1, 1967.

On December 1, 1967 the plaintiff appeared in person and by counsel, the defendant appeared neither in person nor by counsel. The case was called and plaintiff announced ready and the court heard the case. Several witnesses testified and several exhibits were introduced in evidence. The court found that " * * * the defendant comes not although having been given due and proper notice of the hearing to be held on this date * * *" and further that the plaintiff was the innocent and injured party and entitled to the relief sought in his petition, and further finding that the defendant's cross-bill should be dismissed for the failure of defendant to prosecute same. The court found there was one child born of the marriage, Justine Marie Clinton, a female born on July 2, 1962 and further found that the plaintiff was a fit and proper person to have the care and custody of said minor child. The plaintiff was granted a divorce and awarded the care and custody of the minor child and " * * * that the Court is mindful of the fact that it is making no visitation provisions for the defendant at this time * * *."

At the hearing on December 1, 1967, the plaintiff clearly established his alleged ground for divorce. The evidence established that the defendant had, for a long period of time, lived with another man and held herself out as the wife of the man. A private investigator had kept the defendant under surveillance for a long period of time; told of her activities in that she had lived at 2842 Lemp in St. Louis; that she went into the house and spent the nights there, left with this man; would show affection for him in public; that the man was found to be Jerry Shivley; that at said address the mail box carried the name of Mr. and Mrs. Jerry Shivley; that the same two people later moved to 4172 Russell, in St. Louis; that several pictures were taken of the couple and identified as the defendant and Jerry Shivley; that children were with the couple and that the couple so identified kissed and embraced. Six character witnesses were called and all testified as to the good character of the plaintiff and of his mother. The evidence

having the greatest weight, not only in the divorce, but also on the motion to set aside the judgment was the sworn answers of defendant to interrogatories propounded to her by plaintiff, as follows:

Interrogatory No. 1, "Please give the addresses where you have lived during the past fifteen months." Answer, "Defendant states for her answer to interrogatory No. 1: 4172 Russell."

Interrogatory No. 3, "Please state whether or not you ever lived at 2842 Lemp and whether or not you lived there with one Jerry R. Shivley in Apartment A." Answer, "Defendant states for her answer to interrogatory No. 3: Yes."

Interrogatory No. 7, "Please state whether or not at 4:25 P.M. on March 2, 1967 you accompanied Mr. Shivley to McDonnell Airport, kissed him goodby, and then drove the automobile back to the address at Lemp." Answer, "Defendant states for her answer to interrogatory No. 7: Yes."

Interrogatory No. 9, "Please state whether or not you have held yourself out as the wife of one Jerry Shivley." Answer, "Defendant states for her answer to interrogatory No. 9: Yes."

Interrogatory No. 11, "Please state who had the care and custody of the minor child during the last fifteen months and who the child has been living with, which minor child is named in the petition." Answer, "Defendant states for her answer to interrogatory No. 11 that she has had the care and custody of the minor child named in the petition during the last fifteen months."

On December 7, 1967, defendant filed "Motion to set aside default judgment" which motion " * * * respectfully requests the court to set aside its order as null and void as obtained in her absence and in the absence of her attorney." It further states that " * * * it was a physical impossibility for counsel for Lena Clinton to be present as he was engaged in the trial of a criminal case in the United States District Court for the Western District of Missouri * * * The aforesaid facts were known to this Court, or these facts were made known as best one could, to this Court. These facts were known to the attorney for Raymond George Clinton."

When the motion to set aside the default judgment was taken up on January 25, 1968, the parties appeared by their respective attorneys. The record does not disclose that the defendant was present. The only testimony taken was that of Mr. Reardon, attorney for the defendant. He testified that he received a letter from Mr. Brown, attorney for plaintiff, dated November 27, 1967, stating that " * * * the Clinton matter was set before this Court on December 1st, on Friday, December 1st. I received that letter on November 28th, or my office received it. It would have been Tuesday of that particular week, and the hearing was held and the default divorce granted on that Friday, December 1st. Prior to November 27th—as a matter of fact, on the 25th of November, which was Sunday, I flew to Kansas City, Missouri, where I remained * * * while trying a case in the United States District Court * * *. The case had been set for two or three months. * * * a trial which took some five days, * * * while I was in Kansas City we received this notice. My secretary thereafter notified Mr. Brown of my absence and my stay in Kansas City. My secretary likewise informed the clerk of the court and, as a matter of fact, attempted to contact Your Honor who was hearing an adoption matter at the time, but, in any event, sent a special delivery letter here on November 30th indicating my absence was necessitated by a trial that was taking place in Kansas City. * * * " Mr. Reardon indicated that he had receipts and other proof of his being in Kansas City. After argument, the motion of defendant to set aside the default judgment was overruled. In so doing the court reviewed the history of the case, pointing out particularly that on November 7th, 1967, a law day, request was made for a trial setting and the case was set for trial on

December 1st. The court then stated, "The Court feels that in view of the history of this case and the fact that the Court had no prior knowledge of sufficient reason for not proceeding to trial on this case on December 1st that the motion to set aside the judgment at this time is not well taken. Motion is therefore ordered denied."

From the motion filed by defendant and the proof offered, it appears that the defendant relied entirely upon the fact that it was impossible for defendant's attorney to be in court on the day the default was entered. The reasons were fully set out. No mention is made in the motion or the proof as to defendant's meritorious defense.

█ It is within the sound discretion of the trial court to grant or refuse a continuance. In the case of Krieber v. Krieber, Mo.App., 420 S.W.2d 376, the plaintiff and her counsel appeared on the date of trial, but neither defendant or her counsel appeared. Defendant's counsel contended that he had been misled into believing the case would be continued because he was engaged in a trial elsewhere and his secretary had so notified the counsel for plaintiff who had notified the court. The court found that defendant's counsel had been notified of the setting and had thus been afforded an opportunity to be heard. " * * Defendant counsel's message orally conveyed to the court by Mr. Doyle was not an application for a continuance within the meaning of Section 510.090, RSMo 1959, V.A.M.S. Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675; McGinley v. McGinley, Mo.App., 170 S.W.2d 938. But even if it was so considered we could not, upon the record before us, convict the trial court of reversible error for denial of the request. For the granting of a continuance rests largely in the discretion of the trial court, Carr v. Carr, Mo.App., 308 S.W. 2d 357; the fact that defendant's counsel may have been engaged elsewhere did not, in and of itself, compel a continuance, Savings Finance Corp. v. Blair, supra; and while the discretion exercised by the

court is judicial in nature and reviewable on appeal every intendment is in favor of the court's ruling. Carr v. Carr, supra; Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227."

In the case of Van Fleet v. Van Fleet, Mo.App., 253 S.W.2d 508, the court affirmed these principles and stated that the action of the trial court " * * * is subject to review if the discretion has been unsoundly exercised. * * *" In that case a continuance had been denied where a doctor's testimony had been offered that the defendant had high blood pressure and at the date of trial the defendant appeared by attorney who requested a continuance, which was denied. See also Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675.

█ The fact that the counsel for the defendant was not present by reason of his being engaged elsewhere is not sufficient, in itself, to warrant the setting aside of a default judgment. Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864, where, as in this case it was not strictly a default because the defendant had filed an answer. The court there held that the court is not bound in its discretion to set aside the default judgment for a single fact that defendant's counsel was otherwise engaged. Savings Finance Corp. v. Blair, supra; Krieber v. Krieber, supra.

The proof in this case clearly indicates that the attorney for the defendant was engaged in a trial in Kansas City on the date the default was taken. The record shows that this case had been set for trial by order of court entered on November 6, 1967. The date for trial was fixed as December 1, 1967, in Division 2. This entry appears in the TRIAL CALENDAR. Four days before trial, attorney for plaintiff wrote attorney for defendant reminding him of the trial date. This letter was received in the office of the defendant's attorney three days before trial. The defendant's attorney then relied upon his secretary to notify the court and the plaintiff's counsel as to his

being in Kansas City. No motion for continuance in conformity with Section 510.-090, RSMo 1959, V.A.M.S. was filed.

The considerations and guiding principles concerning the action by a trial court in granting or refusing a motion to set aside a default judgment were set out in the case of Whitledge v. Anderson Air Activities, Mo., 276 S.W.2d 114, 1. c. 116:

"The action of a trial court in sustaining or overruling a motion to set aside a default judgment is generally within the trial court's sound judicial discretion. The discretion to be exercised is not a capricious or arbitrary one, but is to be guided and controlled in its exercise by fixed legal principles. It has been generally held that, in order to justify a trial court in setting aside a default judgment, a defendant must have shown that he has a meritorious defense, and that he has good reason or excuse for the default; and, when a trial court has overruled a motion to set aside a default judgment and the trial court's action is reviewed, the trial court's action will not be disturbed unless the elements of reasonable excuse and meritorious defense are so clearly apparent that it is manifest the refusal to set aside was arbitrary. The possible injustice to plaintiff because of delay is to be also considered. Yet, it has been said that an appellate court is less apt to interfere when a judgment is set aside than when it is not. This is because, when the judgment is set aside, the case is reopened and justice will yet be done by a trial on the merits. The general rule is that, where the application or motion to set aside discloses a meritorious defense, and reasonable diligence or excuse for default is shown, and no substantial injury to plaintiff will result from delay, a trial court should exercise its discretion in favor of a trial on the merits. * * *"

The court pointed out that no certain rules are to be followed.

Facts and circumstances in each case would be the deciding factor as to "whether a defaulting defendant has shown the diligence a reasonably prudent person would have exercised in the circumstances."

Again the rule is stated by this court in Krieber v. Krieber, Mo.App., 420 S.W.2d 376, 1. c. 379: "Nor can we convict the trial court of reversible error in refusing to set aside the judgment and decree. The action of a trial court in sustaining or overruling a motion to set aside a default judgment is likewise generally within the trial court's sound judicial discretion. Gorzel v. Orlamander, Mo., 352 S.W.2d 675. It has long been the rule that to warrant the vacation of a default judgment a defendant must show a good and sufficient reason for his default and that he has a meritorious defense, * * *. The fact that a party's counsel was engaged in the trial of another case is, standing alone, no reason for setting aside a judgment where the party failed to appear for the trial. * * * In his motion for a new trial defendant alleged that 'defendant's counsel was led to believe that a continuance would be granted in this matter * * *.' That allegation did not prove itself and no testimony was introduced in support of it. * * *" In the case at bar, no proof was offered that defendant's counsel was led to believe a continuance would be granted, only that he had left it to his secretary.

In the case of Hartle v. Hartle, Mo. App., 184 S.W.2d 786, a motion to set aside a judgment was filed. No answer had been filed, only motions for temporary alimony and suit money. The motion alleged, among other things, that defendant had a meritorious defense. It was also apparent that the attorney for the defendant had been in court and had requested a continuance so that depositions might be taken. The court held that where a motion to set aside had been filed during the term, the trial court had wide discretion. "* * * when the motion to set aside a default judgment discloses a meritorious defense and it

is apparent to the appellate court that no hurtful delay will result from directing the trial court to set the judgment aside, it should be done unless the party in default has been guilty of such gross negligence as to preclude him from favorable consideration of the court. * * *" In Hall v. McConey, 152 Mo.App. 1, 132 S.W. 618, the court stated that "The general rule is that, where the application discloses a good defense on the merits, and a reasonable excuse for delay is shown, and no substantial injury has resulted from such temporary delay, the court should exercise its discretion in favor of the trial on the merits. * * *"

Again in the case of Savings Finance Corp. v. Blair, supra, the court stated, " * * * we likewise are in entire agreement with the holdings that the discretion to be exercised by the trial court, in passing upon a motion to vacate a default judgment, is not an arbitrary and capricious one and ' "is not a mental discretion, to be exercised ex gratia, but (is) a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not impede or defeat the ends of substantial justice." ' * * * However, it has long been established that, to warrant vacation of a default judgment, a defendant must show a good and sufficient reason for his default and that he has a meritorious defense * * * and that, to justify appellate interference, both of these things must appear so clear as to make it manifest that the trial court's refusal to vacate was arbitrary * * *."

■■ In a divorce action where a child is involved, we keep in mind that the welfare of the child is of great concern. Section 452.120, RSMo 1959, V.A.M.S.; Stockton v. Guthary, Mo.App., 415 S.W.2d 308 and Pippas v. Pippas, Mo.App., 330 S.W.2d 132; also that a child of tender years preferably should be placed with the mother. Stone v. Stone, Mo.App., 378 S.W.2d 824; R——— v. E———, Mo.App., 364 S.W.2d 821 and Paxton v. Paxton, Mo.App., 319 S.W.2d 280; and the state has an interest, particularly when a child is involved, Hartle v. Hartle, supra.

■ The courts reach the conclusion that in those cases where the discretion of the court must be exercised, there are no certain and fixed rules that determine the results. This is most certainly true in determining whether a motion to vacate a judgment should be granted or refused. The facts and circumstances in each case must stand on their own. Due diligence and the test as to whether a defaulting defendant has shown the diligence a reasonably prudent person would exercise under the circumstances and whether or not the action of the trial court was arbitrary are factors in each case.

■ Under the facts in this case, this court will not disturb the trial court's action because the elements of reasonable excuse and a meritorious defense are not so clearly apparent that it appears manifest that the refusal of the trial court to set aside the judgment was arbitrary. This is true because: (1) The defendant did not file a motion for a continuance or take other reasonable steps which a prudent person would exercise under the circumstances to properly notify the court as to his necessity in being out of the county, or arrange for someone else to so do, (2) the motion to set aside the judgment did not plead a meritorious defense and the proof under the motion did not produce evidence of a meritorious defense, and (3) the reliance of the defendant on the pleadings in her answer and the allegations in her cross-bill were not set out in the motion or proof offered thereon. The action of the trial court would hardly be considered arbitrary. This is in light of the fact that the plaintiff presented strong evidence in proof of his allegations and the court heard eight character witnesses and persons qualified to testify as to the home which the plaintiff could furnish. But even stronger than that testimony both in support of plaintiff's allegations for divorce and in contradiction of the position set out in defendant's answer and

cross-bill, were the interrogatories and answers thereto by defendant. Insofar as the testimony is concerned the conditions covered by those interrogatories existed at the time of the hearing, and certainly presented to the plaintiff a condition under which further delay might be very detrimental to the minor child involved. The allegations in defendant's cross-bill (and as pointed out in her brief) were that plaintiff committed indignities, struck the defendant and was possessed of an ungovernable temper. These unproven allegations would not outweigh the testimony presented to the court.

This is especially true where the motion to set aside the judgment and the proof offered thereon did not cover these allegations. The sworn testimony of defendant by way of answers to interrogatories speaks with greater persuasion and conviction than do her unproven allegations in her answer and cross-bill.

The trial court did not abuse its discretion.

The judgment is therefore affirmed.

WOLFE, P. J., and BRADY, J., concur.