**Raymond PIERSON, Respondent,**

v.

**Janet PIERSON, Appellant.**

**No. ED 77686.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 17, 2001.

Lawrence G. Gillespie, Gillespie, Hetlage & Coughlin, L.L.C., Clayton, MO, for Appellant.

William E. Albrecht, St. Louis, MO, for Respondent.

SIMON, Judge.

Janet Pierson, Wife, appeals the portions of the judgment of dissolution of her marriage to Raymond Pierson, Husband, regarding maintenance and the division of the marital property.

Wife contends the trial court erred by: (1) proceeding to trial in the absence of her counsel because this was an abuse of discretion in that Wife was not in default, her counsel provided adequate notice and she was not given adequate time to obtain new counsel; (2) awarding her non-modifiable maintenance which decreases in amount after two years because this order is not based on substantial evidence in that there was no impending change in her financial condition nor a reasonable likelihood that such change would occur; and

(3) failing to account for the value of the non-vested portion of Husband's retirement plan in the distribution of marital property because this was not supported by substantial evidence in that the non-vested portion was not acquired by Husband before the marriage and is marital property. We affirm in part and reverse and remand in part.

In a court tried case we affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Viewed in the light most favorable to the trial court's judgment, the record indicates that Husband and Wife were married on December 27, 1967, and separated on January 17, 1997. On February 1, 1999, Husband filed his petition for dissolution of marriage in the Circuit Court of St. Louis City. Throughout the pendency of this case, both parties were represented by counsel. Husband was represented by the same counsel from the time the petition was filed and Wife was represented by the same counsel from the time he entered an appearance on her behalf on March 29, 1999.

As evidenced by a memorandum dated August 5, 1999, and signed by each party's attorney of record, the case was set for hearing in Division 14 on September 14, 1999, at 2:00 p.m. On September 14, 1999, Husband's counsel caused the case to be continued for trial until October 22, 1999, at 9:30 a.m., in Division 14. The court file indicates that a carbon copy of the memorandum ordering this continuance was sent to Wife's counsel. On October 22, 1999, Husband and his counsel appeared for trial. Wife appeared personally, but her counsel was not present when the trial court called the case to be heard. At approximately 10:45 a.m., the trial court commenced proceedings on the record and made the following statement:

This is Cause No. 993–351, in re the marriage of Raymond and Janet Pierson.

Present in court today is the Petitioner along with his attorney, Ms. Melinda Markham.

Respondent is also present. Respondent has filed an answer and is not in default. And Respondent does have an attorney; however, this case was set for 9:30 for hearing. We have waited an hour and fifteen minutes for the attorney. He has notified us that he will be late. However, this Court trying to balance the efficiency of the court and the needs of the parties has elected to move forward with the hearing.

The court will hear evidence in this matter, and then take the matter under advisement and issue a judgment of dissolution of the marriage in the next couple of days.

The record does not indicate that the parties were formally sworn in, but it does indicate that they were questioned by husband's attorney and the trial court, specifically concerning the parties' settlement negotiations. Husband and Wife were the only persons who testified at trial. Wife's counsel did not appear during the hearing. The trial court did not receive any exhibits at trial and did not take judicial notice of its own file. At the conclusion of the hearing, the trial court took the case under submission and on November 1, 1999, entered its Judgment of Dissolution of Marriage.

In its judgment, the trial court ordered Husband to pay Wife the sum of $1,200.00 per month for a period of two years and $600.00 per month for three years thereafter. The trial court stated that this obli-

gation "shall not be modifiable." The trial court also divided the marital property in accordance with Husband's proposed division of marital property.

Since none of Wife's points on appeal are directed to the trial court's grant of the dissolution of the marriage, we will affirm that portion of the judgment.

In her first point, Wife contends the trial court abused its discretion in proceeding with the trial on Husband's petition without her counsel present. She argues the trial court abused its discretion because she was not in default, her counsel provided adequate notice that he would be late for trial and she was not given adequate time to obtain new counsel. Husband contends that the trial court's decision to proceed with the trial did not constitute an abuse of discretion under the facts of this case. In support, Husband highlights the fact that Wife appeared and participated in the proceedings and only asked for an award of maintenance to continue for five years, which was granted by the trial court in its judgment. Husband further contends the trial court divided the marital property in a just and equitable manner.

■ Whether a trial court has abused its discretion in proceeding to trial and judgment in the absence of a party or his attorney must be determined upon the particular facts and circumstances in the case. *Savings Finance Corp. v. Blair*, 280 S.W.2d 675, 679 (Mo.App.1955).

■ The record clearly indicates that Wife was represented by the same counsel throughout all pre-trial matters. Further, the trial court's statement indicates its awareness that Wife was not in default and that her counsel was going to be delayed in appearing for trial. While aware of this delay, the trial court waited an hour and fifteen minutes for counsel to appear. The

record indicates that the trial court did not inquire of wife as to her desire to proceed without the presence of her attorney or if she wished to reach her attorney or secure other counsel. After the delay, the court proceeded with trial, hearing all evidence Husband had to offer and virtually no evidence from wife. Because of the short delay, Wife was allowed virtually no opportunity to obtain new counsel. Although the trial court asked Wife how much maintenance she required, she responded and the trial court's judgment reflects her request, we find this insufficient to justify proceeding without the presence of her counsel and entering a non-modifiable judgment.

Additionally, it is clear from the transcript that evidence of settlement negotiations between the parties was introduced to the trial court. The general rule is that settlement offers and the negotiations concerning them are inadmissible, subject to certain defined exceptions not present here. *Ellis v. Ellis*, 747 S.W.2d 711, 716 (Mo.App. W.D.1988).

In its narrative, the trial court cites his attempt to balance the efficiency of the court and the needs of the parties as his reason for proceeding without Wife's counsel present. In this particular factual situation, the interest of efficiency does not trump Wife's interest in having counsel present in an adjudication of her marital rights.

Thus, by proceeding without Wife's counsel present to elicit evidence favorable to Wife, object to the introduction of settlement negotiations or to cross-examine Husband and not providing Wife the chance to obtain new counsel, we find the trial court abused its discretion in entering a judgment setting non-modifiable maintenance and dividing marital property.

928 ■ ▬▬▬▬▬▬

Due to our disposition of Wife's first point, we will not consider her latter two points.

Judgment affirmed in part and reversed and remanded in part.

LAWRENCE E. MOONEY, P.J., and SHERRI B. SULLIVAN, J., concur.